| | | |
|---|---|---|
| **ELAINE A. KNOTT,**<br>**Plaintiff**<br><br>**vs.**<br><br>**RHODE ISLAND HOUSING AND MORTGAGE CORPORATION,**<br>**Defendant** | ) | **STATE OF RHODE ISLAND**<br>**PROVIDENCE COUNTY,**<br>**SUPERIOR COURT**<br><br>**C.A. No.:** |

**COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CAUSES OF ACTION**

Plaintiff, by her attorney, Richard J. Savage, complaining of Defendant, alleges:

*NATURE OF CASE*

1. This complaint is filed by Elaine A. Knott (hereinafter "Plaintiff"). She is filing this case against Rhode Island Housing and Mortgage Finance Corporation (hereinafter "Defendant"). She brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2. This action seeks declaratory and injunctive relief, attorney fees and other litigation expenses and other equitable relief, including, but not exclusively, back pay, as well as compensatory and punitive damages, to remedy the unlawful discrimination in employment the Plaintiff has suffered on account of her disability and race in violation of The Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e *et seq.* ("Title VII"), and The American with Disabilities Act of 1990, as amended, (ADA), 42 U.S.C. § 12201 *et seq.*

*JURISDICTION and VENUE*

3. This court has concurrent jurisdiction over the Title VII and ADA causes of action.

FILED
HENRY S. KINCH JR., CLERK
2005 JAN 31 P 4: 20

CRJ
YJ
5448

4. Venue is proper in this court since Defendant operates a business within Providence County.

*PARTIES*

5. Plaintiff, Elaine A. Knott, resides in Providence, Rhode Island, and is a female and has a disability. Plaintiff was employed by Defendant and was an employee of the Defendant within the meaning of Title VII and the ADA.

6. Defendant, Rhode Island Housing and Mortgage Finance Corporation, Inc. is a Rhode Island corporation. It employed fifty or more persons for the duration of Plaintiff's employment. Therefore, Defendant is an employer within the meaning of Title VII and the ADA.

*EXHAUSTION OF ADMINISTRATIVE REMEDIES*

7. On or about February 20, 2001, which was less than 300 days since the Plaintiff had notice of the Defendant's unlawful employment practices, Plaintiff co-filed a charge alleging race and disability discrimination against Defendant with the Rhode Island Commission for Human Rights (RICHR) and United States Equal Employment Opportunity Commission ("EEOC).

8. The EEOC issued a Notice of Right to Sue to Plaintiff on the Title VII charges against the Defendant on October 28, 2004. Plaintiff received this notice on November 2, 2004. This complaint was filed within ninety days of the date that Plaintiff received the Right To Sue Notice.

*ALLEGATIONS COMMON TO ALL CAUSES OF ACTION*

9. Plaintiff is a black female diagnosed with epilepsy.

10. Plaintiff's epilepsy is a physical impairment that substantially effects her major life activities of sleeping and working.
11. Plaintiff was employed by Defendant from August 1991-February 9, 2001 as a Lender Service Representative.
12. Plaintiff performed her job well for Defendant.
13. Plaintiff received written warnings and evaluations that claim she was performing her job poorly.
14. Similarly situated white co-workers who had similar work records as Plaintiff did not receive written warnings or poor evaluations.
15. It is Plaintiff's information and belief that she received written warnings and evaluations that claimed she was performing poorly at work on the basis of her race and as a means of justifying her termination.
16. Defendant did cite the written warnings and evaluations that claimed she was performing poorly as a reason for terminating her.
17. It is Plaintiff's information and belief that she was terminated on the basis of her race since similarly situated white co-workers with similar work records were not terminated.
18. Defendant also claims that Plaintiff was terminated because of excessive absenteeism and tardiness.
19. All of Plaintiff's absences and tardiness were for good cause as the result of her disability.
20. Plaintiff did file for reasonable accommodations concerning her disability, which Defendant granted.

21. Defendant claims Plaintiff was terminated for excessive absences and tardiness despite the fact that this absenteeism and tardiness should have been considered reasonable accommodations.

22. It is Plaintiff's information and belief that if she were terminated for excessive absences and tardiness, it was on the basis of disability discrimination since Defendant refused to provide her with reasonable accommodations.

*FIRST CAUSE OF ACTION (race discrimination)* Title VII

23. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 22 of this Complaint with the same force and effect as if set forth herein.

24. During the duration of the Plaintiff's employment, Defendant created an unequal work environment to exist for the Plaintiff because of her race and terminated her on the basis of her race.

25. Defendant's intentional creation of unequal working conditions for Plaintiff and Defendant's termination of Plaintiff is race discrimination in violation of Tile VII of The Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e *et seq.*

26. Plaintiff suffered, is now suffering, and will continue to suffer emotional damages, loss of enjoyment of life, damage to her business and professional reputation, other emotional damages, loss of pay and benefits and other economic injury, and other damages, as the result of having been intentionally discriminated against by Defendants on the basis of her race, unless and until this Court grants relief.

*SECOND CAUSE OF ACTION (Disability Discrimination),* ADA

27. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 22 of this Complaint with the same force and effect as if set forth herein.

28. Plaintiff's epilepsy is a disability within the meaning of the ADA, in that it affects major life functions such as the ability to sleep, and because Defendant perceived Plaintiff as disabled in that they thought it would affect her ability to perform the essential functions of her job at Defendant, and because Plaintiff has a record of a disability.
29. Defendant denied Plaintiff reasonable accommodations and terminated Plaintiff on the basis of her disability in violation of the ADA.
30. The Plaintiff suffered, is now suffering, and will continue to suffer emotional damages, loss of enjoyment of life, damage to her business and professional reputation, other emotional damages, loss of pay and benefits and other economic injury, and other damages, as the result of having been intentionally discriminated against by Defendants on the basis of her disability, unless and until this Court grants relief.

*PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment:

a. Declaring that the acts and practices complained of herein are in violation of Title VII and the ADA;
b. Enjoining and permanently restraining the Defendant from further violating Title VII and the ADA;
c. Directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful discriminatory practices are eliminated and do not affect Plaintiff's future employment opportunities;

d. Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, including, but not limited to, wages, and employee benefits;

e. Awarding the Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses to be determined by a jury for violations of Title VII and the ADA;

f. Awarding the Plaintiff punitive damages for Defendant's intentional violations of Title VII and the ADA;

g. Awarding Plaintiff the costs of this action together with reasonable attorney's fees and expert witness fees, as provided by Title VII and the ADA;

h. Granting such other and further relief as this Court deems necessary and proper.

***DEMAND FOR A TRIAL BY JURY***

Plaintiff demands a trial by jury on all causes of action.

Respectfully submitted,
By Plaintiff's Attorney,

Richard J. Savage (#5448)
SAVAGE & SAVAGE
156 Airport Road
Warwick, RI 02889
Telephone: (401) 732-9500
Fax: (401) 732-0166
Dated: 1 · 31 · 2005