UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ELAINE A. KNOTT, Plaintiff, | : | |
| v. | : | C.A. No. 2005-251-ML |
| RHODE ISLAND HOUSING AND MORTGAGE FINANCE CORPORATION, Defendant. | : | |

**DEFENDANT'S FILING PURSUANT TO LOCAL RULE 36(b) AND GENERAL ORDER #2003-01**

Defendant Rhode Island Housing and Mortgage Finance Corporation ("Rhode Island Housing") files the following documents in this litigation which was removed pursuant to 28 U.S.C. § 1446(a):

Tab A: Rhode Island Housing's Notice of Removal;

Tab B: A certified copy of the Rhode Island Superior Court's Docket Sheet; and

Tab C: Certified copies of the Superior Court's record, consisting of the (1) the Civil Cover Sheet and Complaint, (2) the First Amended Complaint, (3) Return of Service and (4) Notice of Filing of the Notice of Removal.

RHODE ISLAND HOUSING AND MORTGAGE FINANCE CORPORATION

By its Attorneys,

Steven M. Richard

Steven M. Richard (#4403)
Stacie B. Collier (#6059)
Nixon Peabody LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (Fax)

Dated: June 15, 2005

CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of June, 2005, I mailed a true copy of the within Local Rule 36(b) Filing via first-class mail, postage prepaid to:

Robert E. Savage, Esq.
SAVAGE & SAVAGE
156 Airport Road
Warwick, RI 02889

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CA 05 251 ML

| | | |
|---|---|---|
| ELAINE A. KNOTT<br>Plaintiff,<br>v.<br><br>RHODE ISLAND HOUSING AND<br>MORTGAGE FINANCE CORPORATION<br>Defendant. | : | C.A. No. 2005- |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant Rhode Island Housing and Mortgage Finance Corporation ("Rhode Island Housing") hereby removes the above-captioned action to the United States Court for the District of Rhode Island and respectfully states as follows:

1. This action is removable pursuant to 28 U.S.C. §§ 1331 and 1441(a) and (b) because this Court has original jurisdiction of the federal statutory claims pled under Title VI, as amended, 42 U.S.C. § 2000e *et seq*, and the Americans with Disabilities Act, as amended, 42 U.S.C. § 12201 *et seq*.

2. On January 31, 2005, Plaintiff filed a Complaint commencing this action in Rhode Island Superior Court (Providence County). (*See* Elaine A. Knott v. Rhode Island Housing and Mortgage Finance Corporation, C.A. No. P.C. 05-493). She filed a First Amended Complaint on May 20, 2003, which she served on Rhode Island Housing on May 23, 2003.

3. Pursuant to 28 U.S.C. § 1446(a), Rhode Island Housing attaches as Exhibit A, copies of all process and pleadings on file in the Rhode Island Superior Court (Providence County).

4. Plaintiff is a resident of the State of Rhode Island.

5. Rhode Island Housing is a public corporation of the State of Rhode Island created and empowered pursuant to Chapter 42-55 of the Rhode Island General Laws, as amended.



A

6. The First Amended Complaint alleges two counts against Rhode Island Housing. Count I seeks relief pursuant to Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and Count II seeks relief pursuant to the Americans with Disabilities Act, as amended, 42 U.S.C. § 12201 *et seq.*

7. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

8. Written notice of the filing of this Notice of Removal will promptly be given to Plaintiff and will be filed with the Clerk of the Rhode Island Superior Court (Providence County), as provided by 28 U.S.C. § 1446(d).

9. Rhode Island Housing expressly reserves any and all defenses which may be available to it in this action.

RHODE ISLAND HOUSING AND
MORTGAGE FINANCE CORPORATION

By Its Attorneys,

Steven M. Richard

Steven M. Richard (#4403)
Stacie B. Collier (#6059)
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (Fax)

Dated: June 10, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of June, 2005, I mailed a true copy of the within Notice of Removal via first-class mail, postage prepaid to:

Robert E. Savage, Esq.
Savage & Savage
156 Airport Road
Warwick, RI 02889

Steven M. Richard

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
SUPERIOR COURT
CIVIL DOCKET SHEET

Case ID: PC-2005-0493 ELAINE KNOTT V RI HOUSING AND MORTGAGE

Filing Date: 01-31-2005
Case Status: CLOSED DURING DISCOVERY

Case Type: CIVIL RIGHTS/JOB DISCRIMIN
Status Date: 06-13-2005

Plaintiff: ELAINE KNOTT
ID: @10225508

Attorney: RICHARD SAVAGE
ID: ATTY05448

Defendant: RI HOUSING ANDMORTGAGE CORP
ID: @10264990

Attorney: UNKNOWN ATTORNEY
ID: ATTY09999

Scheduled Events

| Date | Event | Location | Judge |
|---|---|---|---|

Prior Events

| Date | Event | Location | Judge |
|---|---|---|---|

Case Jacket

| Checked Out | Returned | Person | Comments/Text |
|---|---|---|---|

Docket Entry Information

| Date | Description | Text |
|---|---|---|
| 01-31-2005 | COMPLAINT FILED | |
| 05-20-2005 | AMENDED COMPLAINT FILED | FIRST . |
| 05-24-2005 | SUMMONS | PROOF OF SERVICE FILED UPON STATE OF RI |
| 06-13-2005 | NOTICE OF REMOVAL | Affiliated: RI HOUSING ANDMORTGAGE CORP |
| 06-13-2005 | OTH DOC FILED DURING DISCOV | |
| 06-14-2005 | SUMMONS | PROOF OF SERVICE UPON RI HOUSING & MORTGAGE |

True Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island



8

**STATE OF RHODE ISLAND**
**SUPERIOR COURT**

**CIVIL**
**CASE COVER SHEET**

Case # (Filled in by Clerk's Office)

This form must be filed with each original document that commences a civil proceeding in the Clerk's Office (R.P.3.10). If the case is a District Court appeal, the form must be filed with the appeal in the District Court and will be transferred with other documents to the Superior Court.

| PLAINTIFFS: | DEFENDANTS: |
| --- | --- |
| ELAINE A. KNOTT | RHODE ISLAND HOUSING AND MORTGAGE CORPORATION |

**NATURE OF PROCEEDING** — Check the applicable case type under the main categories listed below. **(Check One Only)**

District Court Appeal ☐ yes (Check type below)

**CIVIL ACTIONS**

| | | |
| --- | --- | --- |
| ☐ AGA Agency appeal | ☐ DPC Denial of probate claim | ☐ PRN Promissory note |
| ☐ ALA Alienation of affection | ☐ EXT Excessive tax | ☐ PDM Property damage |
| ☐ ANT Anti-trust | ☐ INR Injunctive relief | ☐ PDV Property damage-vehicle |
| ☐ ASB Assault and battery | ☐ IPL Interpleader | ☐ RLP Real property |
| ☐ BKA Book account | ☐ LIB Libel/slander | ☐ RIC Reinstate charter |
| ☐ CLA Common law assignment | ☐ MLE Malpractice/legal | ☐ DIN Recovery of damages/insurance |
| ☐ CLL Common law lien | ☐ MME Malpractice/medical | ☐ ROF Recovery of funds |
| ☐ CON Contract | ☐ MOT Malpractice/other | ☐ WOR Replevin, writ of |
| ☐ CNV Conversion | ☐ WOM Mandamus, writ of | ☐ SPP Specific performance |
| ☐ CRC Criminal conversation | ☐ PRT Partition | ☐ TCO Title clearing (other than tax title) |
| ☐ CIC Criminal inj compensation | ☐ PER Personal injury | ☐ TAE Trespass and ejectment |
| ☐ DOJ Debt on judgment | ☐ IDV Personal inj/property dam-vehicle | ☐ TRA Trustee/accounting |
| ☐ DTP Deceptive trade practice | ☐ PIV Personal injury-vehicle | ☐ TCT Trustee/appt convey title |
| ☐ DEJ Declaratory judgment | ☐ PRL Product liability | ☐ UNM Uninsured motorist |
| | | ☐ WRD Wrongful death |

☒ **Other than above (specify type):** Employment Discrimination

**MISCELLANEOUS PETITIONS**

| | | |
| --- | --- | --- |
| ☐ ARA Arbitration award | ☐ TLF Foreclosure tax lien | ☐ PFI Petition for immunity |
| ☐ CAR Arbitration confirm | ☐ FOC Forfeiture of charter | ☐ PIN Pet for inventory (wire tap) |
| ☐ RCA Arbitration referral | ☐ GJI Grand Jury Investigation | ☐ PFR Petition for review |
| ☐ VAR Arbitration vacate | ☐ HAC Habeas corpus | ☐ PTD Pet to take deposition |
| ☐ AOD Assessment of damages | ☐ MAW Material witness | ☐ PCR Post conviction relief |
| ☐ CND Condemnation | ☐ MEL Mechanics lien | ☐ REC Receivership |
| ☐ CFC Confirm compromise | ☐ OSW Out of state witness | ☐ R5A Rule 5A petition |
| ☐ DOC Dissolution of corp. | ☐ PFS Perform surgery | ☐ TCL Title clearing (tax title) |
| ☐ EDP End partnership | ☐ PFC Petition for constable | ☐ AOT Trustee appointment of |
| ☐ FRR Forclosure of right of redemption | ☐ PTE Petition to expunge | ☐ DOT Trustee declination of |
| | | ☐ AOS Trustee successor |

☐ **Other than above (specify type):**

A True Copy Attest:

**PROBATE APPEALS**

☐ WIL Will ☐ TBS Trust ☐ GRD Guardianship ☐ NAC Name change

☐ **Other than above (specify type):**

SUPERIOR COURT FILED HENRY S. KINCH JR., CLERK 2005 JAN 31 P 4:20

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**Is this a case that may require a trial for resolution?** ☒ yes ☐ no If yes: ☒ jury ☐ non-jury

(attorney name) Richard J. Savage, Esq., Savage & Savage
156 Airport Road, Warwick, RI 02889

☐ pro se

(date) 1-31-2005

S-223 6.85

C1

| | | |
|---|---|---|
| **ELAINE A. KNOTT,** | ) | |
| **Plaintiff** | ) | **STATE OF RHODE ISLAND** |
| | ) | **PROVIDENCE COUNTY,** |
| | ) | **SUPERIOR COURT** |
| **vs.** | ) | |
| | ) | **C.A. No.:** |
| | ) | |
| **RHODE ISLAND HOUSING AND** | ) | |
| **MORTGAGE CORPORATION,** | ) | |
| **Defendant** | ) | |

# COMPLAINT

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CAUSES OF ACTION**

Plaintiff, by her attorney, Richard J. Savage, complaining of Defendant, alleges:

*NATURE OF CASE*

1. This complaint is filed by Elaine A. Knott (hereinafter "Plaintiff"). She is filing this case against Rhode Island Housing and Mortgage Finance Corporation (hereinafter "Defendant"). She brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.
2. This action seeks declaratory and injunctive relief, attorney fees and other litigation expenses and other equitable relief, including, but not exclusively, back pay, as well as compensatory and punitive damages, to remedy the unlawful discrimination in employment the Plaintiff has suffered on account of her disability and race in violation of The Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e *et seq.* ("Title VII"), and The American with Disabilities Act of 1990, as amended, (ADA), 42 U.S.C. § 12201 *et seq.*

*JURISDICTION and VENUE*

3. This court has concurrent jurisdiction over the Title VII and ADA causes of action.

A True Copy Attest:
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island
FILED
HENRY S. KINCH JR., CLERK
2005 JAN 31 P 4: 20
YJ
5448

4. Venue is proper in this court since Defendant operates a business within Providence County.

*PARTIES*

5. Plaintiff, Elaine A. Knott, resides in Providence, Rhode Island, and is a female and has a disability. Plaintiff was employed by Defendant and was an employee of the Defendant within the meaning of Title VII and the ADA.

6. Defendant, Rhode Island Housing and Mortgage Finance Corporation, Inc. is a Rhode Island corporation. It employed fifty or more persons for the duration of Plaintiff's employment. Therefore, Defendant is an employer within the meaning of Title VII and the ADA.

*EXHAUSTION OF ADMINISTRATIVE REMEDIES*

7. On or about February 20, 2001, which was less than 300 days since the Plaintiff had notice of the Defendant's unlawful employment practices, Plaintiff co-filed a charge alleging race and disability discrimination against Defendant with the Rhode Island Commission for Human Rights (RICHR) and United States Equal Employment Opportunity Commission ("EEOC).

8. The EEOC issued a Notice of Right to Sue to Plaintiff on the Title VII charges against the Defendant on October 28, 2004. Plaintiff received this notice on November 2, 2004. This complaint was filed within ninety days of the date that Plaintiff received the Right To Sue Notice.

*ALLEGATIONS COMMON TO ALL CAUSES OF ACTION*

9. Plaintiff is a black female diagnosed with epilepsy.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

10. Plaintiff's epilepsy is a physical impairment that substantially effects her major life activities of sleeping and working.

11. Plaintiff was employed by Defendant from August 1991-February 9, 2001 as a Lender Service Representative.

12. Plaintiff performed her job well for Defendant.

13. Plaintiff received written warnings and evaluations that claim she was performing her job poorly.

14. Similarly situated white co-workers who had similar work records as Plaintiff did not receive written warnings or poor evaluations.

15. It is Plaintiff's information and belief that she received written warnings and evaluations that claimed she was performing poorly at work on the basis of her race and as a means of justifying her termination.

16. Defendant did cite the written warnings and evaluations that claimed she was performing poorly as a reason for terminating her.

17. It is Plaintiff's information and belief that she was terminated on the basis of her race since similarly situated white co-workers with similar work records were not terminated.

18. Defendant also claims that Plaintiff was terminated because of excessive absenteeism and tardiness.

19. All of Plaintiff's absences and tardiness were for good cause as the result of her disability.

20. Plaintiff did file for reasonable accommodations concerning her disability, which Defendant granted.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

21. Defendant claims Plaintiff was terminated for excessive absences and tardiness despite the fact that this absenteeism and tardiness should have been considered reasonable accommodations.

22. It is Plaintiff's information and belief that if she were terminated for excessive absences and tardiness, it was on the basis of disability discrimination since Defendant refused to provide her with reasonable accommodations.

*FIRST CAUSE OF ACTION (race discrimination)* Title VII

23. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 22 of this Complaint with the same force and effect as if set forth herein.

24. During the duration of the Plaintiff's employment, Defendant created an unequal work environment to exist for the Plaintiff because of her race and terminated her on the basis of her race.

25. Defendant's intentional creation of unequal working conditions for Plaintiff and Defendant's termination of Plaintiff is race discrimination in violation of Tile VII of The Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e *et seq.*

26. Plaintiff suffered, is now suffering, and will continue to suffer emotional damages, loss of enjoyment of life, damage to her business and professional reputation, other emotional damages, loss of pay and benefits and other economic injury, and other damages, as the result of having been intentionally discriminated against by Defendants on the basis of her race, unless and until this Court grants relief.

*SECOND CAUSE OF ACTION (Disability Discrimination),* ADA

27. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 22 of this Complaint with the same force and effect as if set forth herein.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

28. Plaintiff's epilepsy is a disability within the meaning of the ADA, in that it affects major life functions such as the ability to sleep, and because Defendant perceived Plaintiff as disabled in that they thought it would affect her ability to perform the essential functions of her job at Defendant, and because Plaintiff has a record of a disability.

29. Defendant denied Plaintiff reasonable accommodations and terminated Plaintiff on the basis of her disability in violation of the ADA.

30. The Plaintiff suffered, is now suffering, and will continue to suffer emotional damages, loss of enjoyment of life, damage to her business and professional reputation, other emotional damages, loss of pay and benefits and other economic injury, and other damages, as the result of having been intentionally discriminated against by Defendants on the basis of her disability, unless and until this Court grants relief.

*PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment:

a. Declaring that the acts and practices complained of herein are in violation of Title VII and the ADA;

b. Enjoining and permanently restraining the Defendant from further violating Title VII and the ADA;

c. Directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful discriminatory practices are eliminated and do not affect Plaintiff's future employment opportunities;

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

d. Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, including, but not limited to, wages, and employee benefits;

e. Awarding the Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses to be determined by a jury for violations of Title VII and the ADA;

f. Awarding the Plaintiff punitive damages for Defendant's intentional violations of Title VII and the ADA;

g. Awarding Plaintiff the costs of this action together with reasonable attorney's fees and expert witness fees, as provided by Title VII and the ADA;

h. Granting such other and further relief as this Court deems necessary and proper.

***DEMAND FOR A TRIAL BY JURY***

Plaintiff demands a trial by jury on all causes of action.

Respectfully submitted,
By Plaintiff's Attorney,

Richard J. Savage (#5448)
SAVAGE & SAVAGE
156 Airport Road
Warwick, RI 02889
Telephone: (401) 732-9500
Fax: (401) 732-0166
Dated: 2005

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

| | | |
|---|---|---|
| **ELAINE A. KNOTT,**<br>**Plaintiff**<br><br>**vs.**<br><br>**RHODE ISLAND HOUSING AND MORTGAGE FINANCE CORPORATION,**<br>**Defendant** | ) | **STATE OF RHODE ISLAND**<br>**PROVIDENCE COUNTY,**<br>**SUPERIOR COURT**<br><br>**C.A. No.: PC 05-0493** |

**FIRST AMENDED COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CAUSES OF ACTION**

*PURPOSE OF AMENDING COMPLAINT*

a. to correctly state one of the defendants Rhode Island Housing and Mortgage Finance Corporation, which was incorrectly named as "Rhode Island Housing and Mortgage Corporation" in the heading of the initial Complaint, but was named correctly throughout the body of the Complaint;

b. No new allegations or parties were added;

c. This First Amended Complaint was filed before the original complaint was served and within 120 days of the date that the initial complaint was filed;

d. Therefore, pursuant to the Superior Court Rules of Civil Procedure, Rule 15 (a) and (c), this First Amended Complaint is allowed to be filed without the need for a motion, and it relates back to the day that the initial complaint was filed, which was January 31, 2005.

Plaintiff, by her co-attorney, Robert E. Savage, complaining of Defendant, alleges:

*NATURE OF CASE*

1. This complaint is filed by Elaine A. Knott (hereinafter "Plaintiff"). She is filing this case against Rhode Island Housing and Mortgage Finance Corporation (hereinafter

SUPERIOR COURT
FILED
HENRY S. KINCH, JR.
05 MAY 20 AM 11: 16

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

C2

"Defendant"). She brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2. This action seeks declaratory and injunctive relief, attorney fees and other litigation expenses and other equitable relief, including, but not exclusively, back pay, as well as compensatory and punitive damages, to remedy the unlawful discrimination in employment the Plaintiff has suffered on account of her disability and race in violation of The Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e *et seq.* ("Title VII"), and The American with Disabilities Act of 1990, as amended, (ADA), 42 U.S.C. § 12201 *et seq.*

*JURISDICTION and VENUE*

3. This court has concurrent jurisdiction over the Title VII and ADA causes of action.
4. Venue is proper in this court since Defendant operates a business within Providence County.

*PARTIES*

5. Plaintiff, Elaine A. Knott, resides in Providence, Rhode Island, and is a female and has a disability. Plaintiff was employed by Defendant and was an employee of the Defendant within the meaning of Title VII and the ADA.
6. Defendant, Rhode Island Housing and Mortgage Finance Corporation, Inc. is a Rhode Island corporation. It employed fifty or more persons for the duration of Plaintiff's employment. Therefore, Defendant is an employer within the meaning of Title VII and the ADA.

*EXHAUSTION OF ADMINISTRATIVE REMEDIES*

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

7. On or about February 20, 2001, which was less than 300 days since the Plaintiff had notice of the Defendant's unlawful employment practices, Plaintiff co-filed a charge alleging race and disability discrimination against Defendant with the Rhode Island Commission for Human Rights (RICHR) and United States Equal Employment Opportunity Commission ("EEOC).

8. The EEOC issued a Notice of Right to Sue to Plaintiff on the Title VII charges against the Defendant on October 28, 2004. Plaintiff received this notice on November 2, 2004. This complaint was filed within ninety days of the date that Plaintiff received the Right To Sue Notice.

*ALLEGATIONS COMMON TO ALL CAUSES OF ACTION*

9. Plaintiff is a black female diagnosed with epilepsy.

10. Plaintiff's epilepsy is a physical impairment that substantially affects her major life activities of sleeping and working.

11. Plaintiff was employed by Defendant from August 1991-February 9, 2001 as a Lender Service Representative.

12. Plaintiff performed her job well for Defendant.

13. Plaintiff received written warnings and evaluations that claim she was performing her job poorly.

14. Similarly situated white co-workers who had similar work records as Plaintiff did not receive written warnings or poor evaluations.

15. It is Plaintiff's information and belief that she received written warnings and evaluations that claimed she was performing poorly at work on the basis of her race and as a means of justifying her termination.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

16. Defendant did cite the written warnings and evaluations that claimed she was performing poorly as a reason for terminating her.
17. It is Plaintiff's information and belief that she was terminated on the basis of her race since similarly situated white co-workers with similar work records were not terminated.
18. Defendant also claims that Plaintiff was terminated because of excessive absenteeism and tardiness.
19. All of Plaintiff's absences and tardiness were for good cause as the result of her disability.
20. Plaintiff did file for reasonable accommodations concerning her disability, which Defendant granted.
21. Defendant claims Plaintiff was terminated for excessive absences and tardiness despite the fact that this absenteeism and tardiness should have been considered reasonable accommodations.
22. It is Plaintiff's information and belief that if she were terminated for excessive absences and tardiness, it was on the basis of disability discrimination since Defendant refused to provide her with reasonable accommodations.

*FIRST CAUSE OF ACTION (race discrimination)* Title VII

23. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 22 of this Complaint with the same force and effect as if set forth herein.
24. During the duration of the Plaintiff's employment, Defendant created an unequal work environment to exist for the Plaintiff because of her race and terminated her on the basis of her race.

True Copy Attest:
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

25. Defendant's intentional creation of unequal working conditions for Plaintiff and Defendant's termination of Plaintiff is race discrimination in violation of Tile VII of The Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e *et seq.*

26. Plaintiff suffered, is now suffering, and will continue to suffer emotional damages, loss of enjoyment of life, damage to her business and professional reputation, other emotional damages, loss of pay and benefits and other economic injury, and other damages, as the result of having been intentionally discriminated against by Defendants on the basis of her race, unless and until this Court grants relief.

*SECOND CAUSE OF ACTION (Disability Discrimination),* ADA

27. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 22 of this Complaint with the same force and effect as if set forth herein.

28. Plaintiff's epilepsy is a disability within the meaning of the ADA, in that it affects major life functions such as the ability to sleep, and because Defendant perceived Plaintiff as disabled in that they thought it would affect her ability to perform the essential functions of her job at Defendant, and because Plaintiff has a record of a disability.

29. Defendant denied Plaintiff reasonable accommodations and terminated Plaintiff on the basis of her disability in violation of the ADA.

30. The Plaintiff suffered, is now suffering, and will continue to suffer emotional damages, loss of enjoyment of life, damage to her business and professional reputation, other emotional damages, loss of pay and benefits and other economic injury, and other damages, as the result of having been intentionally discriminated

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

against by Defendants on the basis of her disability, unless and until this Court grants relief.

*PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment:

a. Declaring that the acts and practices complained of herein are in violation of Title VII and the ADA;

b. Enjoining and permanently restraining the Defendant from further violating Title VII and the ADA;

c. Directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful discriminatory practices are eliminated and do not affect Plaintiff's future employment opportunities;

d. Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, including, but not limited to, wages, and employee benefits;

e. Awarding the Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses to be determined by a jury for violations of Title VII and the ADA;

f. Awarding the Plaintiff punitive damages for Defendant's intentional violations of Title VII and the ADA;

g. Awarding Plaintiff the costs of this action together with reasonable attorney's fees and expert witness fees, as provided by Title VII and the ADA;

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

h. Granting such other and further relief as this Court deems necessary and proper.

***DEMAND FOR A TRIAL BY JURY***

Plaintiff demands a trial by jury on all causes of action.

Respectfully submitted,
By Plaintiff's Co-Attorney,

Robert E. Savage (#4461)
SAVAGE & SAVAGE
156 Airport Road
Warwick, RI 02889
Telephone: (401) 732-9500
Fax: (401) 732-0166
Dated: 5-19-2005

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[x] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No. PC 05-0493

ELAINE A. KNOTT
Plaintiff

RHODE ISLAND HOUSING AND MORTGAGE FINANCE CORPORATION
Defendant

***Summons***

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Robert E. Savage Plaintiff's attorney, whose address is Savage & Savage, 156 Airport Road, Warwick, RI 02889 an answer to the amended complaint which is herewith served upon you within 20 days after service of this summons upon you,exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

Hy S. Kinch, Jr.
CLERK

Dated: May 20, 2005

(Seal of the Superior Court)

True Copy Attest

SSF

Hy S. Kinch, Jr.

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

SUPERIOR COURT
FILED
HENRY S. KINCH, JR.
2005 MAY 24 AM 10: 41

S- 135 (REV. 6/00)

C3

# State of Rhode Island and Providence Plantations

Providence ,SC

## PROOF OF SERVICE

I hereby certify that on the 23 day of May 2005 I served a copy of this summons and a copy of the complaint received therewith upon State of Rhode Island in the following manner:

By delivering a copy of the summons and complaint to him/her personally.

By leaving a copy of the summons and complaint at his/her dwelling house, .................... (Address), with a person of suitable age and discretion then residing therein.

By leaving a copy of the summons and complaint at his/her usual place of abode, ...................., with a person of suitable age and discretion then residing therein.

X By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely Attorney Generals Office

such agent being one designated by statute to receive service, further notice as the statute requires was given as follows:

X Rebecca Tedford Partington, AAG

Sheriff's Fees

| | |
|---|---|
| Travel | $ |
| Service | $ 35.00 |
| | $ 35.00 |

Vincent P. Catamero

Deputy Sheriff

Vincent P. Catamero
Constable State of R.I.
License #6023

CIVIL ACTION

FILE NO. PC 05-0493

SUMMONS

SUPERIOR COURT

ELAINE A. KNOTT

VS

RHODE ISLAND HOUSING AND MORTGAGE FINANCE CORPORATION

Robert E. Savage
ATTORNEY FOR PLAINTIFF

Serve: Patrick Lynch,
Attorney General
150 South Main Street
Providence, RI 02903

NOTE: Returnable to Plaintiff's Attorney forthwith after service. Proof of service to be filed within time during which the person served must respond.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[x] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No. PC 05-0493

ELAINE A. KNOTT
**Plaintiff**

RHODE ISLAND HOUSING AND MORTGAGE FINANCE CORPORATION
**Defendant**

***Summons***

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Robert E. Savage Plaintiff's attorney, whose address is Savage & Savage, 156 Airport Road, Warwick, RI 02889 an answer to the amended complaint which is herewith served upon you within 20 days after service of this summons upon you,exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

[signature]
CLERK

Dated: May 20, 2005

(Seal of the Superior Court)

True Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

# State of Rhode Island and Providence Plantations

PROVIDENCE ,SC

## PROOF OF SERVICE

I hereby certify that on the 23 day of MAY 2005 I served a copy of this summons and a copy of the complaint received therewith upon R.I. HOUSING & MORTGAGE FINANCE CORPORATION in the following manner:

By delivering a copy of the summons and complaint to him/her personally,

By leaving a copy of the summons and complaint at his/her dwelling house, .................................................... , with a person of suitable age and discretion then residing therein.
(Address)

By leaving a copy of the summons and complaint at his/her usual place of abode, .................................................... , with a person of suitable age and discretion then residing therein.

X By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely c/o MICHAEL V. MILITO

such agent being one designated by statute to receive service, further notice as the statute requires was given as follows:
X Michael V. Milito, Deputy Assistant Director for Law + Michael V. Milito Human Resources

Sheriff's Fees
Travel ............ $..........
Service ............ $ 35.00
$ 35.00

Vincent P. Catamero
Deputy Sheriff
Vincent P. Catamero
Constable State of R.I.
License #6023

CIVIL ACTION

FILE NO. PC 05-0493

SUMMONS

SUPERIOR COURT

ELAINE A. KNOTT

VS

RHODE ISLAND HOUSING AND MORTGAGE FINANCE CORPORATION

Robert E. Savage
ATTORNEY FOR PLAINTIFF

Serve:
Richard Godfrey, Exec. Director
RIHMFC
44 Washington Street
Providence, RI 02903

NOTE: Returnable to Plaintiff's Attorney forthwith after service. Proof of service to be filed within time during which the person served must respond.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

ELAINE A. KNOTT
Plaintiff,

v.

C.A. No. 2005-0493

RHODE ISLAND HOUSING AND
MORTGAGE FINANCE CORPORATION
Defendant.

## NOTICE OF FILING OF NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, on June 10, 2005, Defendant Rhode Island Housing and Mortgage Finance Corporation filed a Notice of Removal in the United States District Court for the District of Rhode Island. A copy of the Notice of Removal is attached hereto.

RHODE ISLAND HOUSING AND
MORTGAGE FINANCE CORPORATION

By Its Attorneys,

Steven M. Richard (#4403)
Stacie B. Collier (#6059)
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (Fax)

Dated: June 13, 2005

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2005 JUN 13 P 2: 06

P124920.1

C4

CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of June, 2005, I mailed a true copy of the within Notice of Filing of Notice of Removal via first-class mail, postage prepaid to:

Robert E. Savage, Esq.
Savage & Savage
156 Airport Road
Warwick, RI 02889

[signature]

True Copy Attest

[signature]

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CA 05 251 ML

ELAINE A. KNOTT : 
Plaintiff, :
v. : C.A. No. 2005-
:
RHODE ISLAND HOUSING AND :
MORTGAGE FINANCE CORPORATION :
Defendant. :

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Rhode Island Housing and Mortgage Finance Corporation ("Rhode Island Housing") hereby removes the above-captioned action to the United States Court for the District of Rhode Island and respectfully states as follows:

1. This action is removable pursuant to 28 U.S.C. §§ 1331 and 1441(a) and (b) because this Court has original jurisdiction of the federal statutory claims pled under Title VI, as amended, 42 U.S.C. § 2000e *et seq*, and the Americans with Disabilities Act, as amended, 42 U.S.C. § 12201 *et seq*.

2. On January 31, 2005, Plaintiff filed a Complaint commencing this action in Rhode Island Superior Court (Providence County). (*See* Elaine A. Knott v. Rhode Island Housing and Mortgage Finance Corporation, C.A. No. P.C. 05-493). She filed a First Amended Complaint on May 20, 2003, which she served on Rhode Island Housing on May 23, 2003.

3. Pursuant to 28 U.S.C. § 1446(a), Rhode Island Housing attaches as Exhibit A, copies of all process and pleadings on file in the Rhode Island Superior Court (Providence County).

True Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

4. Plaintiff is a resident of the State of Rhode Island.

5. Rhode Island Housing is a public corporation of the State of Rhode Island created and empowered pursuant to Chapter 42-55 of the Rhode Island General Laws, as amended.

6. The First Amended Complaint alleges two counts against Rhode Island Housing. Count I seeks relief pursuant to Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. § 2000e *et seq*., and Count II seeks relief pursuant to the Americans with Disabilities Act, as amended, 42 U.S.C. § 12201 *et seq*.

7. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

8. Written notice of the filing of this Notice of Removal will promptly be given to Plaintiff and will be filed with the Clerk of the Rhode Island Superior Court (Providence County), as provided by 28 U.S.C. § 1446(d).

9. Rhode Island Housing expressly reserves any and all defenses which may be available to it in this action.

RHODE ISLAND HOUSING AND
MORTGAGE FINANCE CORPORATION

By Its Attorneys,

Steven M. Richard

Steven M. Richard (#4403)
Stacie B. Collier (#6059)
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (Fax)

Dated: June 10, 2005

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of June, 2005, I mailed a true copy of the within Notice of Removal via first-class mail, postage prepaid to:

Robert E. Savage, Esq.
Savage & Savage
156 Airport Road
Warwick, RI 02889

Steven M. Richard

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island