UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ELAINE A. KNOTT<br>Plaintiff,<br>v.<br><br>RHODE ISLAND HOUSING AND<br>MORTGAGE FINANCE CORPORATION<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 2005-251-ML |

**DEFENDANT'S ANSWER**

Defendant Rhode Island Housing and Mortgage Finance Corporation ("Rhode Island Housing") answers Plaintiff's First Amended Complaint as follows:

NATURE OF CASE

1. Rhode Island Housing denies that it ever engaged in any alleged unlawful activity regarding the terms and conditions of Plaintiff's employment.

2. This paragraph states conclusions of law, and Rhode Island Housing leaves Plaintiff to her proof.

JURISDICTION AND VENUE

3. Rhode Island Housing admits that this Court has subject matter jurisdiction.

4. Rhode Island Housing admits that this Court is located in a proper venue to adjudicate this matter.

PARTIES

5. Rhode Island Housing admits only that Plaintiff is a female who was formerly employed at the corporation. Rhode Island Housing lacks knowledge or information regarding Plaintiff's current residence, and it denies the remaining allegations in paragraph 5.

6. Rhode Island Housing admits that it is a public corporation of the State of Rhode Island and that it employed fifty or more employees during Plaintiff's employment.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Rhode Island Housing admits only that Plaintiff filed a charge on or about February 20, 2001, but denies that all of her allegations were timely raised.

8. Rhode Island Housing lacks knowledge or information regarding the exact date on which Plaintiff received the Notice of Right to Sue.

ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. Rhode Island Housing admits that Plaintiff is an African-American female, but it lacks knowledge or information regarding any alleged medical diagnosis.

10. Rhode Island Housing denies the allegations in paragraph 10.

11. Rhode Island Housing admits that Plaintiff was employed from August 1991 through February 2001, but it denies that she was a Lender Service Representative during that entire time period. Plaintiff became a Lender Service Representative in or about 1995.

12. Rhode Island Housing denies the allegations in paragraph 12.

13. Rhode Island Housing admits the allegations in paragraph 13.

14. Rhode Island Housing denies the allegations in paragraph 14.

15. Rhode Island Housing denies the allegations in paragraph 15.

16. Rhode Island Housing admits that plaintiff was cited for poor job performance and such performance deficiencies were among the reasons for the termination of her employment.

17. Rhode Island Housing denies the allegations in paragraph 17.

18. Rhode Island Housing admits that Plaintiff's absenteeism, pattern of tardiness and poor job performance resulted in its decision to terminate her employment.

19. Rhode Island Housing denies the allegations in paragraph 19.

20. Rhode Island Housing denies the allegations in paragraph 20.

21. Rhode Island Housing denies the allegations in paragraph 21.

22. Rhode Island Housing denies the allegations in paragraph 22.

FIRST CAUSE OF ACTION
(Race Discrimination – Title VII)

23. Rhode Island Housing repeats and incorporates its responses to paragraphs 1 through 22.

24. Rhode Island Housing denies the allegations in paragraph 24.

25. Rhode Island Housing denies the allegations in paragraph 25.

26. Rhode Island Housing denies the allegations in paragraph 26.

SECOND CAUSE OF ACTION
(Disability Discrimination – ADA)

27. Rhode Island Housing repeats and incorporates its responses to paragraphs 1 through 26.

28. Rhode Island Housing denies the allegations in paragraph 28.

29. Rhode Island Housing denies the allegations in paragraph 29.

30. Rhode Island Housing denies the allegations in paragraph 30.

## AFFIRMATIVE DEFENSES

First Affirmative Defense

Plaintiff's claims under Title VII and the ADA are barred in whole or in part under the applicable statutory limitations periods.

Second Affirmative Defense

Plaintiff has failed to exhaust her administrative remedies.

Third Affirmative Defense

All of Rhode Island Housing's actions concerning Plaintiff's employment were undertaken for legitimate, non-discriminatory business reasons.

Fourth Affirmative Defense

Rhode Island Housing maintained policies against discrimination. Plaintiff unreasonably failed to utilize the procedures in the policies or otherwise prevent the alleged harm that is pled in her First Amended Complaint.

Fifth Affirmative Defense

Plaintiff did not provide Rhode Island Housing with proper medical information to substantiate any claim of a physical impairment, nor did she ever make a request for a reasonable job accommodation.

Sixth Affirmative Defense

Plaintiff is not a qualified individual with a disability within the meaning of the ADA.

Seventh Affirmative Defense

Rhode Island Housing had no legal obligation to make any job accommodations to Plaintiff.

<u>Eighth Affirmative Defense</u>

Plaintiff's claims are barred by the doctrine of contributory negligence.

<u>Ninth Affirmative Defense</u>

Plaintiff's own conduct was the proximate cause of any damages that she allegedly sustained.

WHEREFORE, Rhode Island Housing prays that this Court deny and dismiss Plaintiff's First Amended Complaint with prejudice and award to Rhode Island Housing attorneys' fees, costs and all other appropriate relief.

RHODE ISLAND HOUSING AND
MORTGAGE FINANCE CORPORATION

By Its Attorneys,

Steven Richard

Steven M. Richard (#4403)
Stacie B. Collier (#6059)
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (Fax)

Dated: June 17, 2005

CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of June, 2005, I mailed a true copy of the within Answer via first-class mail, postage prepaid to:

Robert E. Savage, Esq.
Savage & Savage
156 Airport Road
Warwick, RI 02889